UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAKESHA BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2216-DDC |
| | ) |
| NEBRASKA FURNITURE MART, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Lakesha Bryant, proceeding pro se, brings this employment-discrimination suit against her former employer, defendant Nebraska Furniture Mart. On June 9, 2020, defendant filed a motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).[1] Defendant now moves to stay discovery and other pretrial proceedings pending resolution of the motion to dismiss (ECF No. 13). As discussed below, the court grants the motion to stay.

The decision whether to stay discovery rests in the sound discretion of the court.[2] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be

---

[1] ECF No. 7.

[2] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

denied except under the most extreme circumstances.'"[3] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of a dispositive motion.[4] The court has recognized that there may be exceptions to this general rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendants' immunity from suit.[5] As a practical matter, this calls for a case-by-case determination.[6]

Defendant argues neither party will suffer harm or prejudice from a stay of pretrial proceedings and contends, instead, both parties will save time and money by not litigating a case that ultimately may be dismissed.[7] Additionally, defendant argues staying the proceedings pending a resolution of the motion to dismiss would ensure the parties do not

---

[3] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[4] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

[5] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

[6] *Id.*

[7] ECF No. 14 at 2.

unnecessarily burden judicial resources and would "secure the just, speedy, and inexpensive determination" of this action.[8] Plaintiff's response to defendant's motion to stay proceedings does not address these arguments.[9]

The court has reviewed the record, including the pending dispositive motion, and concurs with defendant that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves the motion to dismiss. First, if the motion to dismiss is granted, the case will be concluded. Second, plaintiff has not suggested discovery is necessary for her to respond to the motion; indeed, the motion is fully briefed and ready for decision by the presiding U.S. district judge. Accordingly, additional facts learned through discovery are unlikely to affect the resolution of the motion. Third, the court agrees with defendant that proceeding with initial disclosures and discoveries, which require time and money to prepare, would be wasteful and burdensome if the motion to dismiss ultimately is granted. Finally, the court also agrees with defendant that granting the motion to stay ensures the parties do not burden judicial resources but rather, "secure[s] the just, speedy, and inexpensive determination" of this action.[10]

In consideration of the foregoing, and upon good cause shown,

---

[8] *Id.* at 3 (quoting Fed. R. Civ. P. 1.).

[9] ECF No. 15.

[10] Fed. R. Civ. P. 1.

IT IS HEREBY ORDERED:

1) The motion to stay is granted.

2) All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3) Should the case remain pending following a decision on the motion to dismiss, defense counsel shall so inform the undersigned, via e-mail to ksd_ohara_chambers@ksd.uscourts.gov, within 7 days of the decision.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

The clerk is directed to mail a copy of this order to plaintiff via regular mail.

Dated September 14, 2020, at Kansas City, Kansas.

                                                  s/ James P. O'Hara  
                                                  James P. O'Hara  
                                                  U.S. Magistrate Judge